[No. 5094.]
[No. 2666 C. A.]

HOTCHKISS, ADMINISTRATOR, v. THE FIRST NATIONAL BANK OF DENVER ET AL.

1. **Practice in Civil Actions—Judgment by Default—Judgment in Chambers.**

In default cases where the testimony is taken, it must be by the court or referee, in accordance with § 168, Code Civ. Proc.; therefore the district judge in chambers in one county cannot take testimony and render judgment which should be done by the court in another county in his district.—P. 230.

2. **Estates of Decedents—District Courts—County Courts—Allowance of Claims.**

A district court has no authority to enter a decree that a judgment rendered by it against an administrator shall be allowed and paid as a claim of a certain class, as this is an usurpation of the authority of the county court as conferred by § 4793, Mills' Ann. Stats.—P. 230.

*Error to the District Court of Montrose County.*
*Hon. Theron Stevens, Judge.*

Action by The First National Bank of Denver and B. F. Richardson against Paul Gehr and others, in which V. L. Hotchkiss, administrator of Paul Gehr, deceased, was substituted. From a decree in favor of plaintiffs, defendant administrator brings error. , *Reversed.*

Messrs. STORY & STORY, for plaintiff in error.

Messrs. TOLLES & COBBEY, Mr. S. S. SHERMAN, and Mr. JOHN GRAY, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This action was brought by defendants in error from the district court of Montrose county, against Paul Gehr and others. While the action was pending, Paul Gehr died, and steps were taken to substitute plaintiff in error in place of deceased. Plaintiff in error did not enter his appearance in the court below.

On January 18, 1902, a decree was rendered against plaintiff in error by the judge at chambers in Delta county. In this decree the taking of evidence is recited. Certain matters of fact are found and determined and judgment rendered against plaintiff in error in the sum of $2,396.00 and costs, and the decree provides: "That the said judgment is allowed as a fourth-class claim, and the adminis-

trator is ordered to pay the same *pro rata* the same as all other claims of the fourth class."

This judgment cannot stand. In default cases where testimony is taken, it must be by the court or referee.—Section 168, Code of Civil Proc.

The judge in chambers in Delta county cannot take testimony and render a judgment which should be done by the court in Montrose county.

The decree is also erroneous in providing that the judgment should be allowed as a fourth-class claim. This was a usurpation of the province of the county court.—Section 4793, Mills' Ann. Stats.

We do not deem it necessary to pass upon the other errors assigned in this case.

For the reasons above stated, the judgment will be reversed.    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.