Hurlbut, J.,
rendered the opinion of the court.
•Action to quiet title, begun February 10, 1906, by .appellant as plaintiff. The record shows that the fee simple title was in plaintiff unless extinguished by the tax deed upon which defendant’s title is founded. A decree was entered in favor of defendant, the validity of which is involved in this appeal.
Only three propositions are discussed and relied upon by appellant in his brief: First, as to the action of the court in rendering judgment in chambers, in a county other than that in which the case was tried; second, as to the court’s power to vacate a judgment previously rendered at the same term, after an appeal therefrom has been perfected; third, as to error claimed to have been committed by the court in denying plaintiff’s motion to strike from defendant’s answer a paragraph which pleads in effect the five years statute of limitations, sec. 3904, Mills’ Annotated Statutes.
As to the first question, the record discloses that *342 trial was had to the court October 7, 1908, in Yuma County, the court taking the case under advisement; that thereafter, on December 7, 1908, the judge, at chambers in Sterling, Logan County, determined the issues, made his 'findings in favor of defendant, and ordered judgment entered thereon, all of which purports by the record to have been done in open court in Yuma County on the date last aforesaid, when, as a fact, the court was not in session. It glso appears from the same record entry that the court was under the impression that both parties to the action had agreed that such findings and order for judgment should be shown by the record to have been found and entered in open court at Wray, in the county of Yuma. It further appears from another entry of the court, January 5, 1909, that the court had become possessed of knowledge that plaintiff intended to challenge the validity of the proceedings of December 7th, whereupon the court vacated the findings and order of that date, held the same for naught, and entered the findings and judgment upon which this appeal is based. In the judgment entry of December -7th it also appears that plaintiff, by his attorney, then and there duly excepted to the same, and prayed an appeal to the'supreme court, which was granted and the bond fixed. The appeal was properly perfected.
Plaintiff now contends that under' authority of Scott v. Stutheit, 21 Colo. App., 28, 121 Pac., 151, the entry of December 7th is null and void; that, plaintiff having perfected his appeal therefrom, the district court was thereby deprived of jurisdiction to further act in the case; and that the vacating order, and judgment of January 5th, are null and void. The case cited supports appellant’s contention on the poifit that the judgment of December 7th is null and void, and were that the only judgment before us we would necessarily have to reverse it. Such *343 is not the ease, however. We are considering only the judgment of January 5, 1909.
Without passing upon the question as to the general power of a court to amend, vacate or otherwise change a valid order or judgment previously entered by it" at the same term in which such power is exercised, from which order or judgment an appeal had been perfected, we think in this case the court did’ not err in entering the judgment of January 5th, as both parties concede in their briefs that the record entry of December 7th is null and void. It is also a fair presumption that the court must necessarily have been of the same mind, or it would not have attempted to disturb it. The entry was lifeless and harmless. It settled no issue, did not establish in defendant any title to the premises, nor did it affect plaintiff’s rights in any manner. It could not support any subsequent action of defendant based thereon. Had no appeal been attempted therefrom it still remained of no force or effect for any purpose. Plaintiff had a perfect right to ignore it and treat it as if it had never been made.. We think the trial court was also warranted in so considering it and vacating it, so far as it had the semblance of a judgment, and was also warranted, at any time during the term, in rendering a valid judgment or decree founded upon the merits . as disclosed at the trial. Under these circumstances we deem this question pressed by appellant as highly technical. He has had a full hearing upon the merits of the case, both in the trial court and on this appeal. It must be remembered that both the entry of December 7th and the judgment of January 5th were based upon the merits, the findings in both eases being in favor of defendant; that they were based upon the same trial, and were in all respects identical, with the exception that no formal judgment was entered on the findings and order of December 7th.
*344 The next question raised by appellant for consideration pertains to the ruling of the court in denying plaintiff’s motion to strike from defendant’s answer the plea of the short statute of limitations above mentioned. This defense is found in the answer, but is not paragraphed as a separate defense. It is included in, and joined with, that part of the answer which pleads as a defense paramount title to the land in dispute, emanating from a certain recorded tax deed. No motion was made to have the defenses separately stated. Under this state of the pleading the motion to strike was made. The usual and better practice would have been a motion on behalf of plaintiff compelling defendant to separately state that part of the pleading under discussion, and then attack it by demurrer. However, the trial court may have considered the motion made as in effect a demurrer, and, if so, it erred in overruling the same. It was error for the court to treat the statute of limitations pleaded as a good defense to the action. The complaint simply states a cause of action to quiet title — nothing else. It alleges title and possession in plaintiff; that defendant claims some interest adverse to him, which interest is false and inferior to the title of plaintiff, and is a cloud upon the same; closing with a prayer that the title to the land he forever quieted in plaintiff. It has been repeatedly held, both by the supreme court and by this court, that this statute of limitations is not available as a defense in an action of this kind. — Munson v. Marks, 52 Colo., 553, 124 Pac., 187; Carnahan v. Hughes, 53 Colo., 318, 125 Pac., 116; Empire R. & C. Co. v. Mason, 22 Colo. App., 612, 126 Pac., 1129; Beaver v. Cook, 23 Colo. App., 199, 128 Pac., 878; Poage v. Rollins, 135 Pac., 990.
As above stated, the trial court fell into error in ruling the statute of limitations to he an available defense to the action, hut we are satisfied that it was error without prejudice. The record conclusively shows that at the *345 trial defendant produced in evidence a tax deed good on its face, which, deed she pleaded as her title. This extinguished plaintiff’s title, unless he had proven vices existing in the tax deed not apparent on its face, hut this he could not do in this case unless he had specially pleaded, in his replication, the particular matters which rendered the deed void. This he did not do. The court excluded certain rebuttal evidence offered for the purpose of showing a defective publisher’s affidavit, assigning as the reason that the statute of limitations was a bar to the action. The evidence was properly excluded; not, however, for the reasons given by the court, but upon objection duly made that it was not within the issues. As we read the record, the obvious grounds warranting the judgment for defendant were that the court found the tax deed good on its face, and there being no allegations in plaintiff’s pleadings challenging the validity of the tax deed for reasons other than those appearing on its face, such as the failure of the revenue officers to comply with the statute in their official acts culminating in the deed, evidence tending to show such failure on the part of the revenue officers was inadmissible. It is the settled law in this state, as declared by our supreme court, that if a tax deed is good on its face, objections aliunde will not be heard or considered, nor -evidence in support thereof admitted, unless the party so objecting has alleged and pointed out in his pleadings the facts or proceedings which he claims render the deed void. — Webber v. Wannemaker, 39 Colo., 425 89 Pac., 780. ■ -
It may be observed that no question of amendment of pleadings is raised on this appeal, as was done in the Wannemaker case. In the latter, defendant asked leave at the trial to amend his pleadings, which was refused. In the instant case appellant did not ask to amend his replication, nor has he on this appeal suggested in any way that he was deprived of an oppor- *346 ■ trinity to ask for such amendment by anything said or done by the trial court.
Appellant further contends that the pleadings formed an issue in the cause as to whether or not there had been such an advertisement of the tax sale, and publication of the list and notice thereof, as the law required, but we do' not so find. In the absence of such issue, defendant’s tax deed received in evidence at the trial, being good on its face, was prima facie proof that the property in question was advertised for sale in the manner and for the length of time required by law.— Sec. 5730, Revised Statutes 1908.
We have noticed all the points mentioned and discussed by appellant in his briefs and discover no reason why the judgment should not be affirmed.

Judgment Affirmed.