(No. 24361.

WILLIAM B. JOHNSON, Appellant, *vs.* THE COUNTY OF
Cook, Appellee.

*Opinion filed February 16, 1938.*

WILSON, J., dissenting.

COBURN, KEARNEY & COBURN, (LOUIS T. HERZON, of
counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-
BERG, WILLIAM P. KEARNEY, and JACOB L. SHEER, of coun-
sel,) for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of
the court:

On April 5, 1935, the circuit court of Cook county
entered judgment upon a verdict for $3500 in favor of
William B. Johnson in an action of trespass brought by
him against Cook county. No appeal was perfected within
ninety days after the entry of the judgment, but on April 3,
1936, two days before the year expired, defendant filed a
motion in the Appellate Court for the First District for
leave to file notice of appeal in the circuit court. On April

16, 1936, the Appellate Court granted the motion or petition and on April 18, 1936, the notice of appeal, with a copy of the Appellate Court's order endorsed thereon, was duly served. Johnson's motion to dismiss the appeal was overruled and the Appellate Court reversed the judgment he had obtained. We have granted him leave to appeal.

Johnson contends that the Appellate Court erred in refusing to dismiss the appeal, because the notice of appeal was not filed in the circuit court within one year after the entry of the judgment complained of, as required by section 76 of the Civil Practice act (Ill. Rev. Stat. 1937, p. 2410) and by rule 34 of this court. The right to appeal must be availed of in strict compliance with the statute, (*People* v. *Davis*, 365 Ill. 389,) and unless statutory authority can be found for permitting the notice of appeal to be filed in the trial court more than a year after entry of the judgment, the appeal should have been dismissed.

Section 76 of the Civil Practice act provides: "(1) No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other determination complained of; but, notice of appeal may be filed after the expiration of said ninety days, and within the period of one year, by order of the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence. * * * (2) An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court," etc.

Rule 34 of this court, as it existed prior to October, 1937, provided: "(1) A copy of the notice by which the appeal is perfected shall be served upon each appellee and upon any co-party who does not appear as appellant, and upon any other person or officer entitled by law to a notice of appeal, within five days after said notice of appeal is filed in the lower court. (a) Where the appeal is taken as

of right, such service shall be made within ninety days from the entry of the order, decree, judgment or other determination from which appeal is taken. (b) Where notice of appeal may be filed only by leave of the reviewing court, the time within which such service shall be made shall begin to run on the date when the notice of appeal, with the order of allowance endorsed thereon, is transmitted to and received by the court appealed from. *Such service shall be made within one year from the entry of the order, decree, judgment or other determination from which appeal is taken.*" At the October term, 1937, we amended this rule by striking out the italicized sentence above.

The language of section 76 above quoted plainly requires that the notice of appeal shall be filed "within the period of one year," and rule 34 requires that notice of appeal shall be served within five days after it is filed in the court appealed from, except that where the appeal is taken as of right, such service must also be made within the ninety-day period after the entry of judgment. Where the notice of appeal is filed by leave of the reviewing court, the five days begins to run when the notice of appeal, with the order of allowance endorsed thereon, is received by the court appealed from, but in any event, as the rule then provided, service had to be made within the year. Rule 34 supplements section 76 of the Civil Practice act by providing for the manner and time of serving notice of appeal. It does not purport to nullify the plain directions of the statute that the notice of appeal must be filed within one year from the date of the order, decree, judgment or other determination complained of. Instead, as the rule stood prior to October, 1937, it imposed the additional requirement that service of the notice of appeal also had to be made within the times limited for perfecting an appeal either of right or by leave of the reviewing court. Section 76 of the Civil Practice act does not permit a reviewing court to allow a notice of appeal to be filed beyond the one-year

period.  McCaskill, Illinois Civil Practice Act, Annotated, p. 280.

Appellee relies on *Schroeder* v. *Merchants and Mechanics' Ins. Co.* 104 Ill. 71, and *Burnap* v. *Wight,* 14 id. 303, and insists that the filing of a motion for leave to file notice of appeal two days before the year expired was a sufficient submission to the jurisdiction of the court, and that the motion could be allowed and the notice of appeal could be filed after the year expired.  In the *Schroeder case,* plaintiff sued in assumpsit on a policy of fire insurance containing a clause which required the suit or action upon the policy to be commenced within twelve months after the loss occurred.  He sued out a summons within twelve months after the loss, but failed to place it in the hands of an officer for service.  At the return term, and after the year expired, he obtained another summons and had it served.  We held that the suing out of the first summons was the commencement of the suit.  This case is not in point, where, as here, the statute requires a notice of appeal to be filed within a year, and all that is filed within that time is a motion in the reviewing court for leave to file the notice of appeal. In the *Burnap case* we said that a writ of error was sued out within five years, although it was not delivered for service until after the five years had expired.  The issuing of the writ was the commencement of the suit in this court, and the writ was issued in proper time.  Appellee contends that an appeal under the Civil Practice act is, in its essentials, the same as a writ of error under the Practice act of 1907, and, therefore, it was sufficient to file a motion for leave to file notice of appeal within the year.  Although the appeal provided by the Civil Practice act presents the same questions for review and is somewhat like a writ of error, it does not follow that a litigant may ignore the provisions of the Civil Practice act with reference to filing the jurisdictional notice of appeal, and still be entitled to a review of his case.

Appellee urges that our amendment to rule 34 at the October term, 1937, aids his contention. As noted before, we struck the sentence which required the notice of appeal to be served in any event within one year from the entry of the order, decree, judgment or other determination complained of. This amendment does not purport to permit a notice of appeal to be filed after the expiration of the year, and we need not now pass upon the question of whether a notice of appeal filed within the year may be served after the year has expired, as that question is not presented.

The Appellate Court should have allowed appellant's motion to dismiss the appeal for want of jurisdiction. For this error the judgment is reversed and the cause is remanded to that court, with directions to dismiss the appeal.

*Reversed and remanded, with directions.*

Mr. Justice Wilson, dissenting.