(No. 31408.—

FREEPORT MOTOR CASUALTY COMPANY, Appellant, *vs.* HUBERT THARP *et al.*, Appellees.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

BURRELL & BURRELL, of Freeport, and TAYLOR & ANDERSON, of Effingham, (DAVID M. BURRELL, of counsel,) for appellant.

E. HAROLD WINELAND, of Flora, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The sole question presented by this appeal is the timeliness of an appeal taken to the Appellate Court from a declaratory judgment rendered by the circuit court of Clay County in favor of the plaintiff. The trial court held for the plaintiff and defendants appealed to the Appellate Court, Fourth District, which court overruled a motion to dismiss, decided the case on the merits in favor of defendants and reversed and remanded the same with directions. We granted leave to appeal.

The case before the trial court involved the construction of an insurance policy and a declaratory judgment thereon was sought and awarded.

A written judgment order, dated June 15, 1948, was sent to the clerk by the trial judge, accompanied by a letter, which read as follows: "Herewith a declaratory judgment order which you may file in the above entitled cause and the next day there is court in Louisville the appropriate docket entries can be made." Louisville is the county seat of Clay County, where the proceedings were pending. This order and letter were purportedly received by the clerk on June 16, 1948, and both were placed in the files of the case, but no docket entry was made on that date. On June 24, 1948, the next court day, the following entry was made by another judge of the circuit, *viz:* "Now on the 24th day of June, 1948. Declaratory Judgment Order signed and approved by Judge F. R. Dove. This is filed. Hon. Ward P. Holt, Judge presiding." It is also recited in the record before us that this notation together with the declaratory judgment order "were had and entered of record in said cause" on June 24, 1948, being the same day the above docket entry was noted.

The defendants filed notice of appeal in the trial court on September 22, 1948, within 90 days from the "entry" on June 24 and more than the statutory time allowed from

the date of the "order" on the 15th or the placing of the same in the files by the clerk on June 16. The plaintiff filed a motion in the Appellate Court to dismiss the appeal on the ground the same is contrary to the provisions of section 76 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 200.) The Appellate Court overruled the motion to dismiss, and reversed and remanded, with directions. (*Freeport Motor Casualty Co.* v. *Tharp,* 338 Ill. App. 593.) The merits of the case are not before us here and the sole question is the propriety of the action of the Appellate Court in overruling the motion to dismiss there presented.

The sole question, then, is the timeliness of the appeal. Section 76 of the Civil Practice Act provides in part that "No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other determination complained of." This requirement is jurisdictional and mandatory and the statute must be strictly complied with. *Johnson* v. *County of Cook,* 368 Ill. 160; *People ex rel. Waite* v. *Bristow,* 391 Ill. 101.

The statute pertaining to clerks of courts provides "They shall enter of record all judgments, decrees and orders of their respective courts, as soon after the rendition or making thereof as practicable." Ill. Rev. Stat., 1947, chap. 25, par. 14.

In the absence of a specific statute, there is a sharp conflict of authority as to when a judgment is "entered." We do not find that the unusual aspects presented here have been precisely presented to this court for consideration. Under our practice there is a distinction between a *judgment* at law and a *decree* in chancery. In chancery the whole matter is completely under the control of the chancellor until the final decree has been filed or recorded. Until that time, he may alter, amend, change, or even disregard all he has said in his minutes; he may reverse his

announcement or may order a rehearing, on his own motion, at any time before he has passed the decree and it has been filed for record, or it has been spread upon the record. After this is done, the whole matter is beyond his control. Then, and not until then, it is the decree of the court and is *res judicata*. (*Hughs* v. *Washington,* 65 Ill. 245.) In a proper sense there is no *filing* of a decree any more than there would be a *filing* of the judgment, and the draft made for the guidance of the clerk is not the decree of the court. *Horn* v. *Horn,* 234 Ill. 268.

It is equally clear that a *judgment* exists in this State from the time the court acts even though it may not have been formally written on the record by the clerk. (*People ex rel. Holbrook* v. *Petit,* 266 Ill. 628; *People* v. *Bristow,* 391 Ill. 101.) And there is a well-recognized distinction between *rendering* a judgment and *entering* a judgment. The former is the judicial act of the court in pronouncing its ruling or finding in the controversy; the latter is the ministerial act of the clerk in preserving the record of that decision. The terms are used antithetically, each in its distinctive correct legal sense. *Blatchford* v. *Newberry,* 100 Ill. 484.

This is a suit for a declaratory judgment, which was unknown to the common law and is a relatively new innovation in the law. It is neither legal nor equitable but is *sui generis*. (*Great Northern Life Insurance Co.* v. *Vince,* 118 Fed. 2d 232; *certiorari* denied 314 U. S. 637, 86 L. ed. 511.) Its purpose is to declare the rights of the parties but is not compelling in itself. (*Progressive Party* v. *Flynn,* 401 Ill. 573.) It is purely statutory in origin and nature and is to be liberally construed. (*Saline Branch Drainage Dist.* v. *Urbana-Champaign Sanitary Dist.* 399 Ill. 189.) Yet the provisions of the statute must be strictly complied with and the prescribed rules of procedure followed. (1 C.J.S. "Actions," sec. 18, p. 1046.) Our statute provides for the entry of a declaratory *judgment, decree or*

*order.* (Ill. Rev. Stat. 1947, chap. 110, par. 181.1.) We think it takes the character of the nature of the relief declared, in this case a suit at law involving the rights of the parties and the liability under the terms of a policy of insurance, and the judgment rendered thereon is in the nature of, and is governed by the rules affecting the rendition and entry of, judgments at law.

A judgment at law becomes effective as soon as it is pronounced by the court. In the nature of things, a judgment must be rendered before it can be entered. It dates from the time it was pronounced and not from the time it was entered upon the record by the clerk. (*People ex rel. McDonough* v. *Jarecki,* 352 Ill. 207.) The judgment rendered is the judgment entered and the rendition thereof is essential to the validity of an entry.

When, then, was this judgment rendered? Although it is clear that the minutes, memoranda, or docket entries made, even by the judge upon his own docket, do not form a part of the official records of the court, yet they do afford a proper means of amending the record and assisting the clerk in accurately making up the record. (*McCormick* v. *Wheeler, Mellick & Co.* 36 Ill. 114.) But this is not a case, similar to a number cited, where the record was sought to be impeached by parole. Our question is strictly one of law and it is the legal effect to be given the facts established, about which there is no controversy.

We are aware that in some jurisdictions a judgment is *rendered* and, therefore, *entered* at the earliest time at which written evidence of the order, decree, judgment or other written document is embodied in the records of the court. However, we incline to the opinion that the better view is, and it has often been so held, that a judgment is rendered when the judge acts, as a duly constituted court, in declaring his decision of law and pronouncing judgment thereon in open court. (49 C.J.S. *"Judgments,"* sec. 113; 4 C.J.S. "Appeal and Error," sec. 445.) Regularly, a judg-

ment should not be made or rendered by the judge at chambers; it is not valid unless passed in open court. (33 C.J., p. 1070, sec. 26.) A judgment at law becomes effective as soon as it is *pronounced* by the court. (*People v. Jarecki,* 352 Ill. 207.) A judgment is rendered on the date on which the trial judge declares his decision of law upon the matters in issue and the appeal time is reckoned from the time it is so pronounced. *Davis* v. *Moore,* 131 S.W. 2d 798; *Universal Life Ins. Co.* v. *Cook,* 188 S.W. 2d 791; *Lewis* v. *Williams,* 123 Pac. 2d 730.

Webster defines the word "pronounce" as follows: "to utter officially; * * * declare solemnly; * * * declare publicly; announce; * * * to utter or speak aloud; * * * to deliver, as a speech; * * * to utter words." And the synonyms given are "articulate; utter; speak." (Webster's New International Dictionary, 2d ed. 1949; see also "Words & Phrases," vol. 34, p. 329.) Freeman, in his work on "Judgments," (vol. I, sec. 48, 5th ed.) states: "Before a pronouncement should be taken as the judgment, it must be clear that it was intended as such and not merely an announcement of the opinion of the court or an indication of what the judgment is going to be."

It has repeatedly been held that a memorandum signed by the judge cannot be taken or used as the record judgment. It is but a direction to enter judgment. *Bruce* v. *Ackroyd,* 95 Conn. 167, 110 Atl. 835; 49 C.J.S. Judgments, sec. 106.

Until such pronouncement in open court, the memoranda or "judgment order" was not the judgment of the court. It was simply evidence of his conclusion as to the final disposition of the case. This is apparent, if any indication is needed, from the language of the letter to the clerk. His direction to file the order was permissive, not mandatory, and his suggestion to have the appropriate docket entries made at a future date contemplated the rendition of the judgment at the next regular session, at which time

he or some other judge might then be presiding. Later the then presiding judge verified this view of the matter by pronouncing judgment on the basis of the trial judge's memoranda and ordered it filed on June 24. No objection to that procedure is made here.

It is well settled that courts can exercise judicial functions only at the places fixed by law. (*Jackman* v. *North,* 398 Ill. 90.) A judge has no judicial power outside of the court in which he officiates. (*Bowman* v. *Venice and Corondelet Railway Co.* 102 Ill. 459.) A judge in chambers in one county cannot render a judgment which should be done in another county. (*Hotchkiss* v. *First National Bank of Denver,* 37 Colo. 228, 85 Pac. 1007.) A judgment rendered by the court at chambers in a county other than that in which the trial was had, is void, even though the record purported to show that it was rendered at the time of, and in, the county of the trial. *Scott* v. *Watkins,* 25 Colo. A. 340, 138 Pac. 432; *Scott* v. *Stutheit,* 21 Colo. A. 28, 121 Pac. 151.

We conclude a judgment can only thus be legally made by a duly constituted court and only rendered when it is pronounced in open court. Any previously purported rendition of the same is a nullity and the mailing of a judgment order by the trial judge, *in absentia,* to the clerk, and the subsequent placing thereof in the files by him does not constitute the rendition of a judgment nor the "entry" thereof within the meaning of the statute. It follows therefore the judgment was rendered and entered on the same date, *viz:* June 24 and that the appeal was taken in apt time.

Appellant files, with its statement, brief and argument, a motion to amend the record here. This motion was not presented to the court nor has this court power to amend the records of the court below. (*Bergen* v. *Riggs,* 40 Ill. 61.) The motion is therefore improper.

The appellees' contention that copies of appellant's motion to dismiss, made in the Appellate Court, were not served within 24 hours of presentment for filing according to the rules is immaterial here. It is admitted the clerk held the motion and did not file the same until the expiration of more than 24 hours after appellees' counsel had received their copies and no prejudice occurred on this account.

The motion to amend the record filed in this court is overruled, the appeal here is dismissed and the judgment of the Appellate Court, Fourth District, is affirmed.

*Judgment affirmed.*

Mr. Justice Fulton, dissenting.