(Nos. 31542, 31574, 31575.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD KAMROWSKI, Plaintiff in Error.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

CRAMPTON, J., dissenting.

RICHARD KAMROWSKI, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

In September, 1932, plaintiff in error, Richard Kamrowski, was facing charges under four indictments filed in the criminal court of Cook County. Indictment No. 64969 charged him with robbery, while indictments Nos. 64967, 64970, and 64972 each embraced separate charges of rape. On September 19, 1932, he was convicted and sentenced for the robbery charged in cause No. 64969. On the same day he pleaded guilty to each of the indictments charging rape and was given a 15-year sentence to the penitentiary in cause No. 64972, a like sentence in cause No. 64970 and a 35-year sentence in cause No. 64967. On January 7, 1949, the latter was commuted to a 15-year term. The issue which is presented to this court is whether the above-described terms of imprisonment were ordered to be served consecutively or concurrently.

The judgment order contained in the common-law record of cause No. 64972 recites that the 15-year term of imprisonment, to which plaintiff in error was sentenced in the cause, "shall begin at the expiration of the sentence of imprisonment of the said Richard Kamrowski * * * this day entered in cause number 64969 on the docket of this court being the People of the State of Illinois vs. Richard Kamrowski * * * in the cause for Robbery,

etc., at the present term of this court." The judgment reflected by the common-law record in cause No. 64970 states that the 15-year sentence under such indictment "shall begin at the expiration of the sentence of imprisonment of the said Richard Kamrowski * * * this day entered in cause No. 64972 on the docket of this court, being the People of the State of Illinois vs. Richard Kamrowski * * * in the cause for Rape at the present term of this court." Similarly, in cause No. 64967, the judgment order in the common-law record states that the 35-year term of imprisonment imposed therein shall commence at the expiration of the sentence of imprisonment entered against plaintiff in error in cause No. 64970, explicitly describing the crime and the court. As the judgments appear in the record it is unquestionable that the sentences are to run consecutively.

It appears, however, that the common-law records in each case have been made up from memoranda of both the trial judge and the clerk of the court, which were kept pursuant to the rules of the criminal court. It is plaintiff in error's contention that the memoranda of the clerk, and the subsequent common-law record, do not speak the court's determination of the penalty imposed, with the result that it must be held that his sentences are to run concurrently. In cause No. 64972, (in which plaintiff in error was impleaded with one James,) the trial judge, on September 19, 1932, made the following memorandum in his minute book: "P.P. P.N.G. (HE) as to each deft. withdrawn P.G. ent. as to each deft in ind. Defts. warned etc. Test. heard—Fing. each deft guilty Rape etc. Deft. Kamrowski sent on plea Jol.—15 yrs. James sent on plea Jol. 10 yrs. Sentences to run consecutively with sent 64969." On the same day, the clerk of the court, made a memorandum in his daily journal which reads as follows: "Parties Present. Plea of not guilty HE. as to each Defendant withdrawn. Plea of Guilty to the indictment entered as to each de-

fendant. Each defendant warned of the consequences of his plea of guilty to the indictment. Each defendant still persists in his plea of guilty to the indictment. Order of Court pleas of guilty to the indictment received and entered of record. Testimony heard. Finding each defendant guilty to Rape in manner and form as charged in the indictment. Age of Defendant Kamrowski 27 years. Age of Defendant James 19 yrs. Defendant Kamrowski sentenced on plea to Joliet Penitentiary for a term of 15 years. Defendant James sentenced on plea to Joliet Penitentiary for a term of 10 years. It is further ordered by the court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Richard Kamrowski and Clarence James this day entered in cause number 64969 on the docket of this court being the People of the State of Illinois vs Richard Kamrowski and Clarence James in the cause for Robbery, etc. at the present term of this court."

Similar memoranda were made by the judge and clerk in causes No. 64970 and 64967, the judge briefly stating that the sentence in 64970 was "to run consecutively with" the sentence in 64972, and that the sentence in 64967 was "to run consecutively with" the sentence in 64970. The clerk, on the other hand, in making his memoranda of proceedings in his daily journal specified in each cause that "said imprisonment shall begin at the expiration of the sentence of the said Richard Kamrowski * * *," then designated with particularity the number, offense and court in which the sentence referred to was imposed.

In February, 1950, plaintiff in error filed motions in the criminal court seeking to expunge from the clerk's journal of memoranda, and, we infer, from the common-law record, the portions thereof relating to the method of service of the sentences imposed. He contended in that court, as he does here, that the phrase "sentence to run consecutively with" as it appears in the judge's memoran-

dum in each case, is ambiguous and meaningless, (see: *United States ex rel. Chasteen* v. *Denemark*, 138 Fed 2d. 289,) and that the clerk was not warranted in placing a different construction on the court's language in preparing his memoranda, or journal, and in writing up the record. He reasons that in the absence of clear and specific provisions to the contrary in the judge's memoranda, it must be said that his sentences have been served concurrently. This court has held that where a sentence is indefinite and uncertain as a consecutive sentence, it and the other sentence mentioned therein will be held concurrent. (*People* v. *Hardgrave*, 406 Ill. 211.) The trial court denied plaintiff in error's motions to expunge, and separate writs of error, which we have consolidated for our consideration, have been sued out of this court for further review.

Much of plaintiff in error's argument that his sentences are indefinite and uncertain as consecutive sentences is based on the false premise that the memoranda entered by the judge in his minute book constitute the judgments of record and sentence of the court. The minutes, memoranda, or docket entries made, even by the judge upon his own docket, do not form any part of the official records of the court, though they do afford a proper means of amending the record and in assisting the clerk to accurately make up the record. (*Freeport Motor Casualty Co.* v. *Tharp*, 406 Ill. 295; *McCormick* v. *Wheeler, Mellick & Co.* 36 Ill. 114.) The first case cited also points out that "It has repeatedly been held that a memorandum signed by the judge cannot be taken or used as the record judgment. It is but a direction to enter judgment." The record is the evidence of the judge's decision. (*People* v. *Wos*, 395 Ill. 172.) Since this is true, it must follow that the memoranda, minutes or entries made by a trial judge need not be executed in the formal terms necessary to the judgment of record. Indeed, it is not necessary that a judge keep minutes or memoranda of proceedings, and where he

does not, the common-law record alone is the evidence of his acts and intentions. The judgments of record here are definite and certain in their terms that the sentences imposed shall be served consecutively. The only issue is whether the judgments of record and the clerk's memoranda of proceedings reflect the intention of the trial judge as evidenced by his memoranda. If they do, the trial court properly denied the motions to expunge.

The unbending rule in criminal law is, of course, that all sentences to imprisonment should be definite and certain. As recently pointed out in *People* v. *Ferguson*, 410 Ill. 87, the requirement of certainty is met when the intention of the judge who imposed the sentence is ascertainable. Although the memoranda here are not couched in the formal terms required of a judgment, they admit of no doubt that he intended the sentences imposed to be served consecutively and are adequate to support the recital in the record of the order in which they are to be served. The evidence contained in the judge's memoranda, when coupled with the additional evidence contained in the clerk's memoranda, is sufficient to indicate that the record speaks the court's determination of the penalty imposed. That the clerk in writing the record has transposed the memoranda into the formal language required is not an expansion of the court's judgments, or a judicial act, but is a mere ministerial act performed at the direction of the court. We conclude that the judgments appearing in the common-law records are in harmony with the written expression of the trial court's intent. The criminal court did not err, therefore, in denying the petitions to expunge the clerk's records.

Plaintiff in error makes some contention in this court that a trial court hearing a criminal cause has no jurisdiction to impose cumulative sentences. While we doubt that the issue has been properly raised or preserved for review,

it has been the rule in this State since *Johnson* v. *People,* 83 Ill. 431, that a sentence for one offense may be made to commence at the expiration of a sentence for another offense where an accused has, in fact, committed distinct violations of the law which merit separate, and therefore cumulative, penalties. *People* v. *Decker,* 347 Ill. 258.

The judgments of the criminal court of Cook County are affirmed.          *Judgments affirmed.*

Mr. JUSTICE CRAMPTON, dissenting:

I cannot concur in the decision of the court. While the minutes or entries made by the judge need not be in the formal terms required for a judgment of record, they should be reasonably free of ambiguity and uncertainty. Unless the words he uses are clear and definite, they can serve neither to adequately direct the clerk nor to sufficiently inform the defendant of his punishment. They should be so complete that it will be unnecessary for a nonjudicial or ministerial officer to supplement them in order to ascertain their meaning, and they should inform the defendant, in a clear and unambiguous manner, of the nature and extent of his punishment. (See *People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) In none of the cases at bar can it be determined from an inspection of the entry which of the sentences is to be served first and which is to succeed the other. A direction that the sentence is "to run consecutively with sentence in Cause 64970," for example, says nothing as to which of the two must be served first. It is vague and uncertain, and insufficient to impose consecutive sentences. (See *People* v. *Hardgrave,* 406 Ill. 211.) The clerk has no power to control the effect of a sentence of the court ·by designating the time at which it is to begin. The determination of whether two sentences shall be successive, and the designation of which one shall succeed the other, are clearly judicial functions. Where,

as here, the judge fails to state that the particular sentence is to commence at the expiration of a different one, the clerk cannot alter the effect of the judgment by expanding the order. In none of the cases at bar can it be determined from an inspection of the entry which of the sentences is to be served first and which is to succeed the other. Where a sentence is indefinite and uncertain as a consecutive sentence, it and the other sentence mentioned therein will be held concurrent, to be served at the same time, and it was so held in the *Hardgrave case* cited above.

The judgment entries in the present case differ materially from that considered in *People* v. *Ferguson,* 410 Ill. 87, wherein a different result was reached. In that case the entry in question read as follows: "Sentence to run consecutively with sentence *heretofore* (emphasis supplied) imposed on Indictment 75757. Sentence to start at expiration of sentence heretofore imposed on Indictment 75757." The words "Sentence to start at expiration of" leave no doubt as to which is first. And even in the absence of such language the use of the word "heretofore" in referring to the other sentence could reasonably imply that it is to be served first. But here there is no indication whatever as to which shall precede the other. While the validity of a judgment does not depend upon a particular mode of expression, its language must afford a basis for something more than mere speculation. It should inform the defendant, in a clear and unambiguous manner, of the nature and extent of his punishment.

I think that the entries in question fail to contain the clear and specific terms required for consecutive sentences, and that the sentences should therefore be held to run concurrently.