THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DAVIS, Defendant-Appellant.

(No. 55084;

First District—July 22, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a judgment of guilty entered against defendant upon defendant's plea of guilty. The only issue raised on appeal is that when the trial court admonished defendant before accepting his plea of guilty, it failed to inform defendant that he was waiving trial by a judge without a jury as well as a trial by jury and that defendant, therefore, did not intelligently waive his Sixth Amendment right to be tried on the charge against him.

We affirm.

Defendant was charged with armed robbery in violation of Ill. Rev. Stat. 1965, ch. 38, sec. 18—2. He entered a plea of guilty on April 22, 1968. The trial court admonished defendant in part as follows:

"THE COURT: In entering a plea of guilty to this indictment you know that you automatically waive any right that you might have to a trial by jury. You understand that?

THE DEFENDANT MORGAN: Yes.

THE DEFENDANT DAVIS: [Nodding]."

The court then accepted the plea, entered a judgment of guilty, and sentenced defendant to five years probation.

On March 20, 1970, defendant appeared again before the court for a hearing on a Rule to Show Cause why his probation should not be revoked. After the hearing, the court revoked defendant's probation and sentenced him to from three to ten years in the penitentiary. On that same day, defendant appealed the April 22, 1968, judgment of guilty.

■■ Defendant's appeal must fail for the following reasons: Under Supreme Court Rule 606 (b) an appeal must be perfected within 30 days of the entry of the order of judgment appealed from. This section is mandatory. (*People v. Nordstrom* (1966), 73 Ill.App.2d 168, 219 N.E. 2d 151.) Because the appeal was not filed until 23 months after the judgment was entered, the appeal is not timely.

■■ Furthermore, the Illinois Supreme Court considered the issue raised by the defendant in the case of *People v. Wallace* (1971), 48 Ill.2d 252,

269 N.E.2d 482, a case dispositive of this matter. The court there stated at page 253:

> "The complaint which is made here is that this admonition did not include a statement that he [defendant] was also entitled to have a trial by the court without a jury if he so desired * * *. We judge that an appropriate admonition and understanding of a right to trial by jury comprehends advice and understanding of a right to trial without jury."

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.