THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY MELVIN KENNEDY, Defendant-Appellant.

(No. 11859; ▮▮▮▮▮▮)

Fourth District—December 27, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as counsel for the defendant and appended to its motion a brief in conformity with *Anders v. State of California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant, the motion was continued to enable the defendant to file additional suggestions and notice of this opportunity was given to him. None were filed.

In our examination of this record, it appears that the defendant was charged with two counts of aggravated battery and one count of an attempted battery. On November 22, 1971, he pleaded guilty to aggravated battery and a second count of the same charge was dismissed as well as the count for an attempted battery. The People stated that they had entered into plea negotiations with the defendant—in exchange for a plea of guilty had offered alternative sentences from which the defendant could choose, that is, a minimum of one and a maximum of ten; a minimum of two and a maximum of seven or a minimum of three and a maximum of four and one day. The defendant chose to plead guilty to the aggravated battery and elected a minimum of one year and a maximum of ten. The court explained to the defendant that he might be imprisoned longer than one year depending on his conduct while he was in prison.

The record further shows that the defendant was fully advised of his rights and that the facts involving this offense show that the defendant knowingly and intentionally caused great bodily harm to Melvin Ray Ritchey—a twenty-month-old baby—by burning said infant with a cigarette lighter on the legs and groin, that he beat the infant with a belt numerous times, that he struck said infant on the head with his hands and that he picked said infant up and from a distance above three feet dropped the child on a hardwood floor several times. Both court and defense counsel advised him of his right to appeal and of his right to the appointment of counsel on appeal, if he could not provide one for himself and of the necessity to file a notice of appeal within 30 days. The notice of appeal was not filed until April 12, 1972.

It is abundantly clear that the trial court substantially complied with the requirements of Ill. Rev. Stat. 1971, ch. 110A, par. 402, before accepting the plea of guilty and that the defendant was fully advised of his rights. The plea was a negotiated plea. The court explained to him that he might be in the penitentiary for more than a year, depending upon his conduct while in jail. The defendant stated he still wished to plead guilty. He was advised not to plead guilty just to get this thing over and he stated that he was pleading guilty because he felt he was

guilty and that he did what he was charged with having done. Likewise he was questioned about the services rendered by his attorney and it is clear that the defendant voluntarily and understandingly entered a plea of guilty with the full knowledge of its consequences and of the possible penalty. Under these circumstances we necessarily agree with the Illinois Defender Project that there is no justiciable issue for review and any request for review would be frivolous. Accordingly, the motion to withdraw as counsel for the defendant must be and it is hereby allowed.

██ The notice of appeal was not filed until more than four and one half months after the entry of the judgment finding the defendant guilty of aggravated battery and there was no excuse claimed or stated for failure to file a notice of appeal within 30 days as required by Supreme Court Rule 606(b) nor was there any showing by affidavit that there was merit to the appeal and that the failure to file within the time limited was not due to the appellant's culpable negligence. Accordingly, the appeal must be dismissed on the court's own motion for want of jurisdiction.

Motion for the Illinois Defender Project to withdraw is allowed and on the court's own motion, this appeal is dismissed for want of jurisdiction.

CRAVEN, P. J., and SIMKINS, J., concur.