THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT FEIGLESON, Defendant-Appellant.

(No. 73-351;

Second District (1st Division)—January 2, 1975.

Kenneth Moy, of Elmhurst, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant, on September 4, 1972, was involved in a two-car accident at the corner of Belden and West Avenues in Elmhurst, in which his car ran into the rear of another, damaging both. He was charged with failing to reduce his speed in order to avoid an accident, in violation of section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—601). On September 20, 1972, he was, on a bench trial, found guilty and fined $10, plus $5 costs.

On October 19, 1972, the defendant filed a document in the trial court worded as follows:

"NOTICE OF APPEAL FOR NEW TRIAL

NOW COMES SCOTT FEIGLESON, Defendant, by and through his attorney, KENNETH MOY, and states to the Court as follows:

1. That the verdict was against the manifest weight of the evidence.

2. This was an accident case in which no direct eye witnesses appeared against the defendant.

3. That Judge Borovic took the evidence of the officer on reconstruction and that the cars were moved.

4. That the attorney for the defendant made proper motion for dismissal at the end of the State's case and then did not proceed any further.

WHEREFORE, your petitioner prays that a new trial be granted the defendant."

On the next day, the above post-trial motion was withdrawn and was refiled, in the same form, on January 24, 1973. On January 25, 1973, an order was entered reciting that notice of defendant's appeal had been filed within 30 days, setting the appeal bond at $30 and extending the time for filing the record in the appellate court to April 4, 1973. On February 15, 1973, the defendant filed another document in the trial court, worded as follows:

"PLEASE TAKE NOTICE that Defendant SCOTT FEIGLESON hereby appeals to the Appellate Court for the Second District of the State of Illinois from the suspension of January 26, 1973, against the Defendant. The Defendant prays that the Appellate Court reverse the Order of the Trial Court and find for the Defendant."

After various extensions, a record was finally filed which included, in lieu of a report of proceedings, an "Agreed Statement of Facts" reflecting, in an extremely skimpy way, the testimony, objections, motions and rulings at the trial.

Although the case has been briefed and submitted without objection to our jurisdiction or any motion to dismiss the appeal, this court cannot ignore the matters above set forth insofar as they relate to our jurisdiction.

Rule 606 of the Supreme Court (Ill. Rev. Stat. 1971, ch. 110A, par. 606) in pertinent parts, provides as follows:

"(b) *Time.* The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; or if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the notice of appeal shall be filed within 30 days after the ruling of the court on the application for probation or the denial of the motion. Except as provided in the next paragraph, no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken.

(c) *Extension of Time in Certain Circumstances.* On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the review-

ing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

■■ The final judgment (fine and costs) which the defendant here challenges was entered on September 20, 1972. Although a document entitled "Notice of Appeal for New Trial" was filed within 30 days (October 19, 1972), its text makes it clear that it was actually a post-trial motion for a new trial and sought relief, not from an appellate court, but from the trial court. Furthermore, the defendant withdrew it the next day and refiled it, in precisely the same form, on January 24, 1973, more than 4 months later. Neither of these documents constituted a notice of appeal to this or any other reviewing court.

The first document that could be considered a notice of appeal was that filed on February 15, 1972, almost 7 months after the final judgment here challenged. Not only was said notice of appeal filed too late, but it purports to appeal, not from the conviction and sentence (fine and costs) of September 20, 1972, but from "the suspension of January 26, 1973."

■■ Obviously, the "suspension" referred to was an administrative suspension of his driving permit by the Secretary of State under article II of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 6—206 (a)(2)) for three "moving" violations within 1 year, and the only manner of challenging such an administrative order would be under the Administrative Review Act. Ill. Rev. Stat. 1971, ch. 95½, par. 6—212.

In any event, not only was the defendant's notice of appeal too late but he has never appealed from the conviction and fine which he here attempts to challenge by his brief and argument.

In *People v. Ilg* (1965), 60 Ill.App.2d 295, 210 N.E.2d 20, the defendant was convicted of driving his car while under the influence and on April 1, 1964, was fined $100 and $5 costs. In July of 1964, he filed a writ of error *coram nobis* raising certain evidentiary points, but he did not challenge the validity of the information. His motion was denied on July 31, 1964, and on that same day he filed a notice of appeal from that denial but not from the conviction of April 1, 1964. On his appeal, he contended that the information was void in that it did not charge a crime and was not brought in the authority of the People of the State of Illinois.

In dismissing his appeal, the Appellate Court for the First District, at pages 298-299, said:

"We agree with the position taken by the State. Defendant could have perfected his appeal from the order of April 1, 1964,

either by filing a notice of appeal within 30 days of the conviction or by filing a petition for leave to appeal in this court. Defendant did not comply with the prerequisites of Supreme Court Rule 27 (7) (a) and thus his appeal as to the order of conviction is ineffectual. Johnson v. Cook County, 368 Ill. 160, 13 N.E.2d 169 (1938). *Walton v. Winter & Hirsch, Inc.*, 18 Ill.App.2d 540, 152 N.E.2d 602 (1958).

Defendant contends that the State made no attempt to dismiss his appeal and thus is estopped from alleging that this court has no jurisdiction. We disagree with defendant. Failure to file a notice of appeal cannot be waived by agreement of the parties or by an estoppel arising out of the conduct of either party. Wishard v. School Directors of Dist. No. 11, 279 Ill.App. 333 (1935)."

In *People v. Nordstrom* (1966), 73 Ill.App.2d 168, 219 N.E.2d 151, this court, through Mr. Justice Davis, at page 177, said:

"* * * [A]n accused must perfect an appeal from the judgment of guilty within 30 days from the entry thereof unless the accused applies for probation, and if such application is made, he must then perfect an appeal from the judgment of guilty, as well as from the order granting or denying probation, within 30 days from the date of the order which rules on the petition for probation.

* * * In the case at bar, we hold that the defendant did not file notice of appeal in apt time to review his original judgment of guilt and that we cannot now review such judgment."

In *People v. Davis* (1971), 133 Ill.App.2d 611, 273 N.E.2d 540, the First District, at page 612, said:

"Defendant's appeal must fail for the following reasons: Under Supreme Court Rule 606(b) an appeal must be perfected within 30 days of the entry of the order of judgment appealed from. This section is mandatory. (*People v. Nordstrom* (1966), 73 Ill.App.2d 168, 219 N.E.2d 151.) Because the appeal was not filed until 23 months after the judgment was entered, the appeal is not timely."

And in *People v. Kennedy* (1972), 8 Ill.App.3d 1041, 291 N.E.2d 256, the Fourth District, through Mr. Justice Smith, at page 1043, said:

"The notice of appeal was not filed until more than four and one half months after the entry of the judgment finding the defendant guilty of aggravated battery and there was no excuse claimed or stated for failure to file a notice of appeal within 30 days as required by Supreme Court Rule 606(b) nor was there any showing by affidavit that there was merit to the appeal and that the failure to file within the time limited was not due to the appel-

lant's culpable negligence. Accordingly, the appeal must be dismissed on the court's own motion for want of jurisdiction."

 We likewise, on the court's own motion, dismiss the appeal for want of jurisdiction.

Appeal dismissed.

SEIDENFELD, P. J., and GUILD, J., concur.