Commonwealth Loan Company, a Corporation, Plaintiff-Appellant, v. James W. Baker, Defendant-Appellee, and General Steel Industries, Inc., a Corporation, Garnishee-Appellee.

Gen. No. 64–102.

Fifth District.

February 4, 1966.

Supplemental Opinion, March 23, 1966.

Rehearing denied March 23, 1966.

Green and Hoagland, of Alton (James K. Almeter, of counsel), for appellant.

Lueders and Robertson, of Granite City, for garnishee-appellee.

EBERSPÁCHER, J.

Commonwealth Loan Company, plaintiff-appellant, obtained judgment by confession against James W. Baker in the amount of $771.68 and costs of suit, and then served a garnishment summons upon garnishee-appellee, General Steel Industries, Inc. General Steel Industries, Inc. was indebted to Baker in an amount in excess of the judgment for money which came from a private group insurance plan.

Commonwealth Loan Company caused a citation writ to discover assets to be served upon General Steel Industries, Inc. Upon the hearing thereof, on July 9, 1964, Baker contended that the funds being held by General Steel Industries, Inc. were exempt from garnishment under provisions of Illinois Revised Statutes, chapter 52, section 13, Second which exempts from execution;

> "For one year after the receipt thereof all money received by any person a resident of this State as a pension, adjusted or additional compensation or a bonus from the United States Government or from the State of Illinois on account of military or naval

service, whether the same shall be in the actual possession of such person or deposited or loaned;".

The record shows that defendant-appellee Baker had, up until September 26, been an employee of the garnishee-appellee and had $800 credit there which he called "my retirement money" and testified that the money was from a group insurance plan, it being contributed by the employer and was to be held until six months before his retirement and to be paid over to him in October of 1964. At the close of the hearing, the court took the matter under advisement.

It is uncontroverted that both the file and the docket sheet were inadvertently kept in the Judge's Chambers until either November 5 or 6, 1964. Appellant's counsel's affidavit, attached to his petition for leave to appeal, states that he had on several occasions between July 22, 1964, and November 5, 1964 checked with the Clerk to ascertain as to whether there had been a ruling, and that on each such occasion he was advised that neither the file nor the docket sheet had been returned; further that on November 5, 1964 he contacted the court directly and asked if a ruling might be forthcoming in the near future, and that on the following day, November 6, 1964, the undersigned was advised that ruling had been made on July 22, 1964. The affidavit further stated that the Court inadvertently failed to instruct the Clerk previous to the November date to notify the parties of his ruling.

The record shows that on the 22nd day of July, 1964, the court had entered the following order:

"Now on this day the court having received the memorandum of authorities and being fully advised in the premises does hold that the defendant James W. Baker is entitled to the exemption provided by Chapter 52 Section 13 Paragraph 2 Illinois Revised Statutes and that it ordered that his employer General Steel Industries, Inc., a Corporation Granite City,

Illinois turn over to the defendant James W. Baker such sums as are in their custody standing in his name or credited to his account without regard to any Garnishment proceedings now pending."

The facts stated in appellant's counsel's affidavit are not disputed.

The petition for leave to appeal was granted after the filing of a motion to dismiss on behalf of General Steel Industries, Inc., which stated that said appellee on or about the 22nd day of August, 1964, received notice of the order of the trial court and that pursuant to the said order General Steel Industries, Inc. had delivered the funds to Baker, the defendant-appellee, and that this appellee was thus acquitted and released from any further proceedings in this cause. Objections to the motion urge that the motion did not state grounds for which the petition for leave to appeal might be dismissed but only sought to respond to the petition, and that the motion failed to comply with Rule 21 of this court with reference to the printing of responses to petitions for leave to appeal. This court took the motion with the case and the garnishee-appellee subsequently filed a statement, brief, and argument.

Garnishee-appellee contends that after an order is entered upon a garnishee it is the duty of the garnishee to transfer the garnished fund to the person entitled thereto without regard to potential unperfected appeal rights, citing Genden v. Bailen, 275 Ill App 382, and Chicago Title & Trust Co. v. La Porte Bldg. Corp., 274 Ill App 335, and further argues that a garnishee who refuses or neglects to comply with the order of the court may be attached and punished for contempt, citing Illinois Revised Statutes 1963, chapter 62, sec 47 and Framheim v. Miller, 241 Ill App 328. He further argues that in each of those cases the appeal period had expired, and that the court had to determine the liability of a garnishee after expiration of appeal, but before the

expiration of the writ of error period, and conceding that writ of error practice has been abolished and writ of appeal procedure has been substituted therefor, argues that the garnishment laws should not be unduly disrupted merely because the former writ of error practice has been supplanted by writ of appeal procedure, and suggests that should this Court grant relief to the appellant herein, garnishees throughout the State would be placed on notice to forbear from complying with trial court orders until expiration of the period within which a petition for appeal will lie. Appellee makes no pretense that the order of the trial court was correct.

Plaintiff-appellant contends that the plain language of the Statute cited above clearly grants an exemption to pensions, etc., received from the United States Government or the State of Illinois on account of military service and points out that the money which the garnishee held in this case came from a private group insurance plan and is not included among the exemptions granted by the Statute. Appellant further points out that the garnishee was a party to the litigation, having been duly served with process; that although the file and docket sheet were not in the Clerk's office, but were in the trial court's chambers, the defendant and garnishee somehow learned of the order and early in September 1964, without giving the plaintiff-appellant any notice, the garnishee paid the defendant Baker the money it held, pointing out that the payment was made within the sixty-day period, when it knew that plaintiff still had the right to appeal, by notice of appeal, from the order of July 22, 1964 (although it did not have the right of an automatic supersedeas. Illinois Revised Statutes, 1963, chapter 110, sec 76). The check was paid by garnishee's bank on September 9, 1964.

In each of the cases cited by the garnishee-appellee herein, an order directing payment of garnished funds was entered, however in both cases an appeal from the

orders was begun but never perfected and since the orders stood without being appealed, the courts held that there was no justification to withhold payment of the money. Here, however, an appeal from the order in question has been perfected, and is being prosecuted with reasonable diligence taking into consideration the factual situation.

In First Nat. Bank of Jonesboro v. Road Dist. No. 8, 389 Ill 156, 58 NE2d 884, the road district had deposited in a special account in the First National Bank of Jonesboro proceeds arising from the collection of taxes in 1915 and 1916 and subsequently instituted suit against the bank to recover the amount of its special deposit. Thereupon the First National Bank filed its complaint to restrain the Road District from prosecuting its suit against the bank and prayed for a decree determining the ownership of the fund and directing disposition thereof. All of the various claimants to the fund were made parties defendant. On October 24, 1941, a final decree was entered permanently enjoining the prosecution of the suit at law and apportioning the funds and directing the bank to make distribution. Road District No. 8 perfected an appeal to the Supreme Court which transferred the cause to the Appellate Court of the Fourth District and that court being advised that the bank had made distribution in accordance with the decree of the trial court, dismissed the appeal, holding that inasmuch as no supersedeas had been granted the controversy involved in the appeal as to the ownership of the funds had become moot. The Supreme Court reversed the judgment of the Appellate Court and held that when the bank made distribution, and when the appellees accepted the same they took their chances of said decree being reversed and if said decree upon final disposition should be reversed, the appellees who had received, under the decree, monies to which they were not entitled, should be required to make restitution. In that case the Court said:

". . . It is not reasonable to suppose that the legislature intended that a judgment or decree for the payment of money should, upon its enforcement by execution or otherwise, in the absence of a supersedeas pending an appeal, become final and no longer subject to review, so as to require the dismissal of the pending appeal, notwithstanding provision is expressly made for the prosecution of an appeal without supersedeas. A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof. If such party has received benefits from the erroneous decree or judgment, he must, after reversal, make restitution, and, if he has sold property erroneously adjudged to belong to him, he must account to the true owner for the value. . . . A party to a decree cannot acquire any rights thereunder while the same is subject to review which he can assert after the decree is reversed, since the effect of the reversal is to abrogate the decree and leave the cause as it stood prior to the entry of the decree."

█ Under the facts and circumstances in this case, particularly the concealment of the trial court's order of July 22, 1964, until the time to appeal within sixty days, had passed, the quoted language from First Nat. Bank v. Road Dist. No. 8, supra, is applicable in this case, involving garnishment.

█ Furthermore, although not argued by appellant herein, the rendition of judgment is a judicial act performed by the court at the time the court makes its pronouncement. A judgment at law becomes effective as soon as it is pronounced by the court; it is not valid unless passed in open court; it should not be made or rendered by the Judge at Chambers, Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE2d 139, and cases

cited therein. Pronouncement means to utter officially, declare solemnly, declare publicly, announce, to utter or speak aloud, to deliver as a speech, to utter words. Words and Phrases 34 Pronounce, p 575. Freeport Motor Cas. v. Tharp, supra. A letter by a trial judge accompanying a written judgment order mailed to the clerk and directing the clerk to file the order, becomes an effective judgment or decree at the time it is filed with the clerk. Nichols Illinois Civil Practice, ch 79, sec 4015, People ex rel. Schwartz v. Fagerholm, 17 Ill2d 131, 161 NE2d 20. In the present case, on the uncontradicted facts, there was no judgment until early in November 1964, and appellee-garnishee cannot be heard to urge that his payment to Baker in early September was pursuant to any authority. To hold otherwise would render ineffectual the statutory requirement for the clerk to spread the judgment upon the record as soon after the rendition or making thereof as practicable, Ill Rev Stats ch 25, sec 14, and providing for a fine for failure to do so within thirty days after the judgment is made and rendered, Ill Rev Stats ch 25, sec 15. A clerk has no more license or duty to invade the privacy of the Judge's Chambers to determine if judgment has been rendered, than have counsel for the litigants. We can conceive of no situation or circumstance which justifies the removal of the docket sheet from the clerk's office or courtroom, by the Judge or any other party. The rendering of a judgment is not and must not be a secret process, it must be a public act. To hold otherwise would destroy public confidence in the entire judicial system.

The second exemption provided by section 13, chapter 52, Illinois Revised Statutes, enacted in 1923 at a time when private pensions or retirement funds were relatively rare, and at a time when the United States Government, and some states including Illinois had enacted legislation for military pensions or bonuses; furthermore, its

language is so clear, that it is elementary that a private pension or retirement fund is not exempt by its provisions, and we can easily understand why this is a case of first impression with reference to its interpretation. Garnishee-Appellee when it paid out the funds, and Defendant-Appellee Baker, when he accepted them, took their chances that the judgment might be appealed from, and reversed.

We therefore, deny garnishee-appellee's motion to dismiss the petition for leave to appeal, and reverse the judgment of the Circuit Court of Madison County, and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

GOLDENHERSH, P. J. and MORAN, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

The first sentence of the second paragraph of the opinion filed herein is corrected to read as follows:

> "Commonwealth Loan Company caused a citation writ to discover assets to be served upon the judgment debtor, Baker."

Since Garnishee-Appellee, General Steel Industries, Inc., had been served with a garnishment summons, it was a party to the suit in which the order appealed from was entered. It was an interested party, as distinguished from a disinterested stakeholder, when it paid out the funds without notice to Plaintiff-Appellant, allegedly pursuant to an order which had not become effective because it had not been pronounced by the court. Neither was Garnishee-Appellee a disinterested stakeholder when it filed its motion to dismiss the petition for leave to appeal alleging that it was acquitted and re-

leased from further proceedings because it paid out the funds to Baker pursuant to the alleged order of July 22, 1964, and set forth no other grounds for dismissing the appeal, and will not be heard on petition for rehearing, to urge for the first time, that the appeal has not been perfected, and that the trial court judgment therefore must stand as entered.

GOLDENHERSH, P. J. and MORAN, J., concur.