# Illinois Official Reports

## Supreme Court

***People v. Perez*, 2014 IL 115927**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. IVAN PEREZ, Appellee. |
| Docket No. | 115927 |
| Filed | September 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | First stage summary dismissal of a postconviction petition as frivolous or patently without merit can only take place if entered within 90 days of the petition's filing and docketing; and advancement to second stage proceedings was appropriate where such an order was signed by a judge on the ninetieth day but was not filed by the clerk until the ninety-first day. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Kane County, the Hon. T. Jordan Gallagher, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Lisa Madigan, Attorney General, of Springfield, and Joseph H. McMahon, State's Attorney, of St. Charles (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Garson S. Fischer, Assistant Attorneys General, of Chicago, and Patrick Delfino, Lawrence M. Bauer and Joan M. Kripke, of the Office of the State's Attorneys Appellate Prosecutor, of counsel), for the People.

Michael J. Pelletier, Alan D. Goldberg and Alison L.S. Shah, of the Office of the State Appellate Defender, of Chicago, for appellee.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    At issue is whether the circuit court complies with the 90-day requirement of section 122-2.1(a) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a) (West 2012)) when it signs and dates an order of dismissal on the ninetieth day after the petition is filed and docketed, but the order is not filed by the clerk until the ninety-first day. We hold that, because section 122-2.1(a) specifically requires the "entry" of an order, an order that is signed by the judge during the 90-day period, but not file-stamped until the ninety-first day, is not timely for purposes of section 122-2.1(a).

¶ 2                                   BACKGROUND

¶ 3    A jury convicted defendant, Ivan Perez, of first degree murder. The Appellate Court, Second District, affirmed his conviction and sentence (*People v. Perez*, No. 2-07-0347 (2009) (unpublished order under Supreme Court Rule 23)), and this court denied defendant's petition for leave to appeal (*People v. Perez*, 235 Ill. 2d 600 (2010) (table)).

¶ 4    On November 9, 2010, defendant filed a *pro se* petition for postconviction relief. On February 7, 2011, a circuit court judge signed and dated an order dismissing the petition as frivolous and patently without merit. February 7 was the ninetieth day after the petition was filed. The clerk stamped the order filed on February 8.

¶ 5    Defendant appealed, and the appellate court reversed and remanded for second stage proceedings. 2013 IL App (2d) 110306. The appellate court held that the dismissal order was untimely because it was not entered until it was filed by the clerk, which occurred on the ninety-first day after the postconviction petition was filed and docketed. The appellate court relied on authority from this court that holds that, for a judgment to be effective, it must be

- 2 -

publicly expressed in some manner, at the situs of the proceeding. See *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122 (1990); *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131 (1959). The court noted that the record did not reflect the presence of any party, any party's counsel, or any other court personnel on February 7, 2011, the date that the trial court signed the order, and therefore the first public expression of the court's order was on February 8 when it was file-stamped by the clerk. 2013 IL App (2d) 110306, ¶¶ 13-14.

¶ 6 Justice Hudson dissented. The dissent did not find the *Fagerholm* line of cases relevant because the Post-Conviction Hearing Act mandates a specific form of procedure. The dissent found the relevant question to be what it means to "enter" an order pursuant to section 122-2.1(a). *Id.* ¶ 41 (Hudson, J., dissenting). The dissent believed that, because section 122-2.1(a) uses the terms "filing" and "docketing" with respect to the petition, but "enter" with respect to the dismissal order, "enter" cannot be synonymous with filing. According to the dissent, the legislature's use of these different terms signified that it intended the entry of the order to be when the court signed and dated it. *Id.* ¶ 35. The dissent acknowledged that the definition of "enter" means "[t]o put formally before a court or on the record" (Black's Law Dictionary 552 (7th ed. 1999)), but claimed that the trial court formally placed its decision on the record on February 7, 2011, when it signed the dismissal order. 2013 IL App (2d) 110306, ¶ 36 (Hudson, J., dissenting).

¶ 7 We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 8 ANALYSIS

¶ 9 The issue requires us to construe section 122-2.1(a) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a) (West 2012)), and the principles guiding our review are familiar. When construing a statute, this court's primary objective is to ascertain and give effect to the legislature's intent, keeping in mind that the best and most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning. *People v. Lloyd*, 2013 IL 113510, ¶ 25. A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. *People v. Brown*, 2013 IL 114196, ¶ 36. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Id.* Where a term has a settled legal meaning, this court will normally infer that the legislature intended to incorporate that settled meaning. *People v. Smith*, 236 Ill. 2d 162, 167 (2010). The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Brown*, 2013 IL 114196, ¶ 36. Also, a court presumes that the General Assembly, in its enactment of legislation, did not intend absurdity, inconvenience, or injustice. Because the construction of a statute is a question of law, our review is *de novo*. *People v. Elliott*, 2014 IL 115308, ¶ 11.

¶ 10 Neither the appellate court majority nor the dissent analyzed the issue correctly. Although it reached the correct result, the appellate court majority relied on the public expression doctrine, which, as we will see, could lead one to an erroneous conclusion about what the statute requires. By contrast, the dissent correctly identified the issue as what it means to "enter" an order for purposes of section 122-2.1(a) of the Post-Conviction Hearing Act.

However, the dissent incorrectly concluded that a judge enters an order the moment he or she signs it.

¶ 11 We begin our analysis by considering the plain language of the statute. Section 122-2.1(a) provides as follows:

"Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

(1) If the petitioner is under sentence of death and is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122-2.1(a) (West 2012).

¶ 12 Section 122-2.1(a) is very clear about what the court must do within 90 days if it is dismissing a petition pursuant to this section. The court must "enter an order" on the petition within 90 days. If the court is dismissing the petition, the order must be a "written order" that contains "findings of fact and conclusions of law," and this written order is a "final judgment" that must be served on the petitioner within 10 days of its entry. The date the final judgment order is entered commences the 30-day period during which the petitioner may file a notice of appeal. See Illinois Supreme Court Rule 606(b) (eff. Feb. 6, 2013).

¶ 13 The question we must answer, then, is when did the trial court "enter an order" pursuant to this section. The State contends that this happened when the trial court signed the order dismissing the petition, while defendant claims that the order was entered when it was file-stamped by the circuit clerk. We begin by looking at the plain meaning of the word "enter."

¶ 14 When used in a legal sense, "enter" clearly connotes some sort of formalizing of the decision. Webster's defines "enter" in this sense as "to place in regular form before a law court usu. in writing : put upon record in proper form and order <~ a writ> <~ a judgment>." Webster's Third New International Dictionary 756 (1993). It has also been explained that, "Courts have traditionally distinguished between *rendition of judgment* ( = the oral or written ruling containing the judgment entered) and *entry of judgment* ( = the formal recordation of a judgment by the court)." (Emphases in original.) A Dictionary of Modern Legal Usage 755 (2d ed. 1987); see also *Freeport Motor Casualty Co. v. Tharp*, 406 Ill. 295, 299 (1950) (noting same distinction between rendering and entering judgment). Black's Law Dictionary defines "entry" as "[t]he placement of something before the court or on the record," and "entry of judgment" as "[t]he ministerial recording of a court's final decision, usu. by noting it in a judgment book or civil docket." Black's Law Dictionary 613 (9th ed. 2009). Against this backdrop, the State goes back 35 years to the fifth edition of Black's for the explanation that the word "enter" is "nearly equivalent to setting down formally in writing, in either a full or abridged form." Black's Law Dictionary 476 (5th ed. 1979). However, that phrase (which the

current edition of Black's has eliminated) follows the statement that "enter" means to "place anything before a court, or upon or among the records, in a formal and regular manner," and the fifth edition of Black's further defines "entering judgments" as "[t]he formal entry of the judgment on the rolls or records (*e.g.*, civil docket) of the court, which is necessary before bringing an appeal or an action on the judgment." *Id*. See also 49 C.J.S. *Judgments* § 143 (2009) ("a judgment is entered when it is spread at large on the record").

¶ 15    We next consider Illinois Supreme Court Rule 272 (eff. Nov. 1, 1990), which is entitled, "When Judgment is Entered":

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

¶ 16    The State's only mention of Rule 272 is to echo the appellate court dissent's position that the Rule addresses only which order takes precedence when the trial court issues an oral ruling with a written ruling to follow. See 2013 IL App (2d) 110306, ¶ 42 (Hudson, J., dissenting). It is difficult to square that position with the Committee Comments, which provide as follows:

> "*The purpose of this rule is to remove any doubt as to the date a judgment is entered*. It applies to both law and equity, and the distinction stated in *Freeport Motor Casualty Co. v. Tharp*, 406 Ill. 295, 94 N.E.2d 139 (1950), as to the effective dates of a judgment at law and a decree in equity is abolished. In 1990 the rule was amended to provide that in those cases in which, by circuit court rule, the prevailing party is required to submit a draft order, a judgment becomes final only after the signed judgment is filed. The 1990 amendment was intended to negate the ruling in *Davis v. Carbondale Elementary School District No. 95* (1988), 170 Ill. App. 3d 687, 525 N.E.2d 135." (Emphasis added.) Ill. S. Ct. R. 272 (eff. Nov. 1, 1990), Committee Comments.

¶ 17    According to the Committee Comments, the whole purpose of Rule 272 was to establish a uniform date for determining when judgments are considered entered. Moreover, the courts have interpreted the Rule as meaning that the record date is the controlling date for the entry of *all* judgments. As the appellate court explained in *Ahn Brothers, Inc. v. Buttitta*, 143 Ill. App. 3d 688, 689-90 (1986):

> "Prior to the enactment of Rule 272, the oral pronouncement of judgment in open court constituted the entry of judgment in law cases, whereas in equity cases a judgment was deemed to be entered when the written document was filed or recorded. (*Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, *overruled on other grounds in People ex rel. Schwartz v. Fagerholm* (1959), 17 Ill. 2d 131; *Drulard v. Country Companies* (1981), 99 Ill. App. 3d 1031, 1033; *Berzana v. Mezy* (1980), 86 Ill. App. 3d 824, 825.) The purpose of Rule 272 is to remove all doubt regarding the date a judgment is entered or becomes final. (See *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 620; Ill. Ann. Stat., ch. 110A, par. 272, Committee Comments, at 542 (Smith-Hurd 1985).) Designed to make uniform the entry of judgments in both legal

and equitable actions (see *Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 327), the rule makes the record-entry date controlling for all judgments (*Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 982-93)."

¶ 18    Accepting the State's position would mean that Rule 272 means that: (1) if the court makes an oral ruling with a written judgment to follow, the judgment is entered when the signed judgment is filed; (2) if only an oral ruling is made, then judgment is entered when a notation of such is made of record; but (3) if only a written judgment is made, then entry is on some other date, such as when the judge signs the order. Surely the State cannot believe this to be the meaning of the rule. Such an interpretation would run directly counter to the Committee Comments and would once again introduce great doubt as to the date upon which judgment is considered entered.

¶ 19    Moreover, even before the enactment of Rule 272, this court had soundly rejected the notion that a judgment is entered the moment a judge signs and dates a piece of paper in chambers. In *Freeport Motor Casualty Co.*, the trial judge signed and dated a declaratory judgment order on June 15, 1948, and mailed it to the circuit clerk with a letter that read as follows: " 'Herewith a declaratory judgment order which you may file in the above entitled cause and next day there is court in Louisville the appropriate docket entries can be made.' " *Freeport Motor Casualty Co.*, 406 Ill. at 297. The order was received by the clerk and placed in the court file on June 16, but no docket entry was made on that date. On June 24, which was the next court day, a different judge of the circuit made the following entry: " 'Now on the 24th day of June, 1948. Declaratory Judgment Order signed and approved by Judge F.R. Dove. This is filed. Hon. Ward P. Holt, Judge presiding.' " *Id.* This notation and the judgment order were entered in the court record on that date. The defendants' notice of appeal was timely if the entry date of the judgment was June 24, but not if it was June 15 or 16. This court noted the distinction that existed between judgments at law and decrees in chancery. A decree in chancery was entered when it was filed or recorded. However, a judgment existed from the time it was *rendered*, even if it was not formally *entered* of record by the clerk.[1] *Id.* at 298-99. Thus, at that time, a judgment at law was considered effective when it was "rendered." *Id.* at 300. However, the court explained further that a judgment could be "rendered" only when it was pronounced in open court, and that "*a judgment should not be made or rendered by the judge at chambers; it is not valid unless passed in open court.*" (Emphasis added.) *Id.* at 300-01. Thus, until such pronouncement, the "judgment order" was not the court's judgment. "It was simply evidence of his conclusion as to the final disposition of the case." *Id.* at 301. This court therefore concluded that judgment was rendered, and thus entered, on June 24, when the presiding judge ordered the judgment order filed. Accordingly, even before the enactment of Rule 272, which equates entry with the date the judgment is placed of record, an order was not considered "rendered"—let alone "entered"—when a judge signed and dated it in chambers.

¶ 20    Similarly, in *Commonwealth Loan Co. v. Baker*, 67 Ill. App. 2d 359 (1966), the trial court purported to enter a judgment order in chambers on July 22, 1964. However, both the file and the docket sheet were inadvertently kept in the Judge's chambers until either November 5 or 6, 1964. Counsel for the appellant had contacted the clerk's office several times between July 22

---

[1] It was this distinction between law and equity that Rule 272 was designed to abolish. See Ill. S. Ct. R. 272 (eff. Nov. 1, 1990), Committee Comments.

and November 5 to see if there had been a ruling in his case, and each time he was told that neither the file nor the docket sheet had been returned. *Id*. at 362. On November 6, he was notified by the clerk that the ruling had been made on July 22. When appellant petitioned the appellate court for leave to appeal, the appellee moved to dismiss on the basis that the petition was not timely. The appellate court rejected this argument, noting that the July 22 order had never been pronounced:

> "In the present case, on the uncontradicted facts, there was no judgment until early in November 1964, and appellee-garnishee cannot be heard to urge that his payment to Baker in early September was pursuant to any authority. To hold otherwise would render ineffectual the statutory requirement for the clerk to spread the judgment upon the record as soon after the rendition or making thereof as practicable, Ill Rev Stats ch 25, sec 14, and providing for a fine for failure to do so within thirty days after the judgment is made and rendered, Ill Rev Stats ch 25, sec 15. A clerk has no more license or duty to invade the privacy of the Judge's Chambers to determine if judgment has been rendered, than have counsel for the litigants. We can conceive of no situation or circumstance which justifies the removal of the docket sheet from the clerk's office or courtroom, by the Judge or any other party. *The rendering of a judgment is not and must not be a secret process, it must be a public act*. To hold otherwise would destroy public confidence in the entire judicial system." (Emphasis added.) *Id*. at 367.

¶ 21    At oral argument, the State conceded that, under its interpretation, the 10-day period for providing notice of the decision and the 30-day period for filing a notice of appeal would begin to run on the date that the judge signs the order. In other words, if the judge signed the order, placed it in his outbox, locked his office door, and went on vacation for a week, the clock would be ticking on defendant's appeal rights, even though no one but the judge would have any idea that an order had been entered. Given the wording of the statute, however, the State had no choice but to make this concession. Again, the statute explains that, "Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122-2.1(a)(2) (West 2012).

¶ 22    The State cannot be right, because its position is directly contrary to Rule 272. In *Granite City Lodge*, 141 Ill. 2d at 126, this court stated that:

> "Under Rule 272, a written judgment order is final when signed and filed with the clerk of court. (107 Ill. 2d R. 272.) Under Rule 303(a) a party has 30 days from the date the judgment is entered to file a notice of appeal, and an additional 30 days to file a motion for extension of time to file a notice of appeal under Rule 303(e)."

As this court has clearly held that, under Rule 272, the 30-day period for filing a notice of appeal begins to run when the written judgment order is "filed with the clerk of court" we must reject the State's position that the order was entered and the clock began to run on defendant's appeal rights the moment the judge signed the order. The State's position would reintroduce to the law the very confusion that Rule 272 was designed to eliminate.

¶ 23    In this same vein, defendant and the appellate court majority are simply wrong when they argue that, had the trial judge, within the 90-day time limit, announced in open court that he was dismissing the petition, that would have satisfied section 122-2.1(a). The appellate court and defendant rely on the public expression doctrine, which holds that some sort of public expression is required for a judgment to become effective. The judgment must either be (1)

announced in open court; or (2) reduced to writing, approved by the judge, and filed for record. *Fagerholm*, 17 Ill. 2d at 137. Although the trial court would have complied with the public expression doctrine had it announced in open court that it was dismissing the petition, the statute requires something *more* than public expression. Section 122-2.1(a) specifically requires that, when a trial court is summarily dismissing a postconviction petition, the court must *enter* its *final written judgment order*, specifying findings of fact and conclusions of law, within 90 days. The 10-day notice period and the 30-day appeal period run from the date the order is entered. Thus, the appellate court and defendant cannot be correct when they assert that the trial judge could have complied with the statute by orally announcing his decision within 90 days. Such a position is directly contrary to the plain language of section 122-2.1(a).

¶ 24 In its petition for leave to appeal, the State relied on such cases as *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992), *In re Marriage of Garlinski*, 99 Ill. App. 3d 107 (1981), and *People v. Ortega*, 106 Ill. App. 3d 1018 (1982). These cases were also discussed by the appellate court. Although the State has abandoned its reliance on these cases, we discuss them briefly to avoid any confusion with our holding. In each of these cases, the courts said that a properly rendered court judgment did not depend on the ministerial recording by the clerk to become valid. *Cirro Wrecking Co.*, 153 Ill. 2d at 16; *Ortega*, 106 Ill. App. 3d at 1021; *Garlinski*, 99 Ill. App. 3d at 109. The reason this is so is that "the judicial authority reposed in a trial judge in the proper functioning of his office in rendering judgment cannot be dependent upon the ministerial function of the court's clerk in recording that fact." *Cirro Wrecking Co.*, 153 Ill. 2d at 16. Thus, this court in *Cirro Wrecking Co.* concluded a judgment properly rendered while the judge was in office is valid even though it is entered by the clerk following the trial judge's vacation of office. *Id.*

¶ 25 Nevertheless, *Cirro* also acknowledged that under Rule 272, "judgments are, generally, effective as of the date of filing" (*Cirro Wrecking Co.*, 153 Ill. 2d at 14), and *Ortega* explained that Rule 272 is needed for timeliness questions related to notices of appeal. *Ortega*, 106 Ill. App. 3d at 1021; see also *Robertson v. Robertson*, 123 Ill. App. 3d 323, 326-27 (1984) (Rule 272 addresses only time and manner of entry of final judgments.). Here, we are faced with a timing question. The 90-day period in section 122-2.1(a) is intimately tied together with the notice of appeal period. The order that the court must enter within 90 days is the court's final written judgment order, and the State concedes that this order commences the 30-day notice of appeal period. Thus, under section 122-2.1(a) and Rule 272, the court's decision is "entered," and the appeal period commences, when the judgment is placed of record.

¶ 26 The State makes two other arguments in support of its position, but they may be easily dismissed. First, echoing the appellate court dissent, the State contends that, because section 122-2.1(a) uses the terms "filing and docketing" with respect to the petition, but "enter" and "entry" with respect to the final judgment order, then "enter" must refer to something other than filing and docketing the final judgment order. For two reasons, this argument is not well-taken. First, the legislature is simply using the terms in the sense that they are typically used. Litigants do not "enter" petitions. They file them. Second, where a term has a settled legal meaning, this court will normally infer that the legislature intended to incorporate that settled meaning (*Smith*, 236 Ill. 2d at 167), and courts presume that, in enacting legislation, the legislature envisions a consistent body of law (*Lily Lake Road Defenders v. County of McHenry*, 156 Ill. 2d 1, 9 (1993)). Illinois law is clear that "entering" a judgment means entering it of record, and there is no support in this court's case law for the proposition that

merely signing a piece of paper is "entering" a judgment. We also see no evidence in section 122-2.1(a) that the legislature intended to upend Illinois law and have the notice of appeal period run from the date the judge signs the order.

¶ 27 The State's final argument is that the judge signed his name on a line next to the word "enter." The State, however, cites no authority indicating that Illinois case law and Supreme Court Rules are subordinate to the drafters of forms. The law is clear as to when a final judgment order is "entered," and this law is not overridden by the fact that the word "enter" appears next to the judge's signature.

¶ 28                                       CONCLUSION

¶ 29 When a trial court summarily dismisses a postconviction petition at the first stage, section 122-2.1(a) requires that the court enter its final written judgment order, specifying findings of fact and conclusions of law, within 90 days after the petition is filed and docketed. Under Illinois law, a written judgment order is "entered" when it is entered of record. Here, the court's judgment was entered 91 days after the petition was filed and docketed. Accordingly, the appellate court correctly reversed the dismissal and remanded for second stage proceedings.

¶ 30 Affirmed.