2021 IL App (1st) 200321-U

No. 1-20-0321

Order filed August 3, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 7307 |
| | ) | |
| OTIS L. STROUD, | ) | Honorable |
| | ) | Michele M. Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's dismissal of defendant's postconviction petition at the first stage is affirmed over his argument that the court erred by dismissing the petition orally.

¶ 2    Defendant Otis L. Stroud appeals from the circuit court's summary dismissal of his *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), arguing that the circuit court violated the statute by dismissing the petition orally. We affirm.

¶ 3 Defendant was indicted on six charges, including armed robbery with a firearm, following an incident on October 8, 2013.

¶ 4 On May 4, 2016, defendant pled guilty to armed robbery with a dangerous weapon (720 ILCS 5/18-2(a)(1) (West 2012)) in exchange for the State recommending an 18-year prison term and dismissing the remaining counts. As a factual basis, the State relayed that on October 8, 2013, in Blue Island, Illinois, defendant and Darcell Killingsworth entered the victim's home and took money from him while threatening him with a bludgeon, then fled in a vehicle after a struggle. Police officers curbed the vehicle. The victim and another witness later identified defendant in photographic and physical lineups. The trial court accepted the plea, and sentenced defendant to 18 years' imprisonment. Defendant did not attempt to withdraw his plea or file a direct appeal.

¶ 5 On June 21, 2019, defendant filed his *pro se* postconviction petition, arguing, in relevant part, that trial counsel provided ineffective assistance by advising defendant to plead guilty. On September 11, 2019, the circuit court dismissed the petition in open court, stating that the claims were "frivolous and patently without merit." That same day, the court issued a criminal disposition sheet and made a docket entry that each memorialized the dismissal. On October 16, 2019, the clerk mailed defendant notice of the dismissal. Defendant then filed a motion for leave to file a late notice of appeal, which this court granted on February 26, 2020.

¶ 6 On appeal, defendant's lone argument is that the circuit court erred by dismissing his petition orally.

¶ 7 The Act provides a mechanism for criminal defendants to challenge a conviction on the basis that it violated their state or federal constitutional rights, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Petitions under the Act are reviewed in three stages. *People v. Buffer*, 2019 IL

122327, ¶ 45. At the first stage, the defendant need only state the "gist" of a constitutional claim, and the petition should not be dismissed unless the circuit court finds that the claims are frivolous or patently without merit. *Hodges*, 234 Ill. 2d at 9-10. Where the circuit court finds that summary dismissal is proper, the court, within 90 days of the filing and docketing of the petition, "shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018)). The written order provision is directory, however, and the only mandatory provision of this section is that the court enter its decision of record within 90 days. *People v. Porter*, 122 Ill. 2d 64, 81 (1988). Whether the circuit court appropriately dismissed a postconviction petition at the first stage is a matter of law we review *de novo. People v. Morris*, 236 Ill. 2d 345, 354 (2010).

¶ 8        Here, the record shows that within 90 days of the petition's filing and docketing, the circuit court announced its ruling in open court, then entered the order on the criminal disposition sheet and docket, and notified defendant of the ruling in a timely fashion. This is all the statute requires, and therefore, under *Porter*, defendant's claim is meritless. See *People v. Cooper*, 2015 IL App (1st) 132971, ¶ 14 ("[A] written order of summary dismissal is not required. Instead, a court summarily dismisses a postconviction petition when its decision is entered of record.").

¶ 9        Defendant argues that our supreme court overruled *Porter* in *People v. Perez*, 2014 IL 115927, and that the latter stands for the proposition that the circuit court must file a written order with findings of fact or conclusions of law within 90 days. We disagree. In *Perez*, the circuit court failed to enter any decision of record within 90 days of the filing and docketing of the petition, and only filed its written order on the 91st day. *Perez*, 2014 IL 115927, ¶ 1. The supreme court found that this filing did not satisfy the mandatory 90-day requirement of the statute, but made no other

finding, expressly stating the only question before it was "when did the trial court 'enter an order' pursuant to" the statute. *Id.* ¶ 13. And while the supreme court stated in dicta that a written order expressing findings of fact and conclusions of law is preferable, it did not overturn *Porter*, or indeed, reference, cite, or discuss that decision. *Id.* Accordingly, we cannot say that *Perez* implicitly overturned *Porter*.

¶ 10    For the foregoing reasons, the circuit court's summary dismissal of defendant's postconviction petition is affirmed.

¶ 11    Affirmed.