NOTICE
Decision filed 12/17/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230013-U

NO. 5-23-0013

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 19-CF-490 |
| | ) | |
| BARNEY J. DONAHUE, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HACKETT delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's denial of the defendant's *pro se* motions to amend the mittimus where the defendant was subject to a mandatory supervised release period of three years to life after pleading guilty to two counts of possession of child pornography depicting a victim under the age of 13 years old.

¶ 2    The defendant, Barney J. Donahue, as part of a fully negotiated plea agreement, pled guilty to two counts of possession of child pornography. The circuit court of St. Clair County sentenced him to three years in prison for each count, to run consecutively, and to be followed by a mandatory supervised release (MSR) term of three years to life. Thereafter, the defendant filed *pro se* motions seeking to correct the mittimus because he was sentenced to the incorrect MSR term. He argued that the mittimus should be corrected to reflect a two-year MSR period. However, the trial court denied the defendant's *pro se* motions to amend the mittimus, finding that the imposed MSR term

1

was correct. On appeal, the defendant contends that we should correct the mittimus to reflect the correct two-year MSR term. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2019, the State charged the defendant with 20 counts related to the possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2018)). On July 16, 2020, the defendant, pursuant to a fully negotiated plea, pled guilty to two counts of possession of child pornography involving a child under the age of 13 (counts 1 and 11). In exchange, the State agreed to dismiss the remaining counts and to recommend a sentence of three years of prison for each count, to run consecutively. At the guilty plea hearing, the defendant was informed that the applicable MSR period was three years to natural life. The defendant acknowledged the terms of the agreement. The trial court questioned the defendant to determine whether the guilty plea was knowingly and voluntarily made and admonished the defendant as to the sentencing range for each charge, which included the MSR period. The trial court then admonished the defendant as to his rights that he was waiving by pleading guilty, counsel stipulated to the factual basis for the plea, and the trial court accepted the plea. Both parties waived the presentence investigation report, and the defendant was immediately sentenced according to the plea agreement.

¶ 5      Following the entry of the defendant's guilty plea and his sentencing, the defendant filed *pro se* motions to recoup the costs for his pretrial GPS monitoring and challenging the amount of sentencing credit that he received for pretrial detention. Thereafter, the trial court denied both motions. The defendant then appealed, and his sole contention was that he should have received sentencing credit for the time that he spent on pretrial in-home electronic monitoring. However, on March 31, 2022, this court affirmed, finding that the defendant was not entitled to the requested sentencing credit. *People v. Donahue*, 2022 IL App (5th) 200274, ¶¶ 32, 34.

2

¶ 6    On May 18, 2022, the defendant filed a *pro se* motion to correct the MSR as stated in the mittimus, in which he argued that the incorrect MSR term was imposed. He asserted that he would only be subject to an MSR term of three years to life if he was convicted of aggravated child pornography. However, he argued that the statute "making this conviction 'aggravated' was repealed in 2013." On September 29, 2022, the defendant filed a *pro se* motion for order *nunc pro tunc* to reduce the MSR, in which he asked the trial court to correct the mittimus to reflect the proper MSR sentence.

¶ 7    On October 31, 2022, the State filed a response to the defendant's motion for order *nunc pro tunc*, arguing that the imposed MSR was correct because the defendant's sentencing was pursuant to the enhanced MSR period set forth in section 5-8-1(d)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(d)(4) (West 2018)). The State argued that the enhanced MSR period applied to the defendant because the defendant was convicted of possessing pornographic images of children under 13 years old and was consequently subject to sentencing under section 11-20.1(c-5) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-20.1(c-5) (West 2018)). On December 15, 2022, the defendant filed a *pro se* motion to correct the mittimus, presentence custody credit, *per diem* credit, and/or fines and fees as well as a motion to set a hearing on his *pro se* motions.

¶ 8    On December 16, 2022, the trial court entered an order, denying the defendant's *pro se* motions. In the order, the trial court found, in pertinent part, that the defendant forfeited his argument about the imposed MSR period in that he could have raised it on direct appeal but failed to do so. However, the trial court found that even if the argument was not forfeited, the argument had no merit. The trial court noted that, pursuant to section 5-8-1(d)(4) of the Unified Code (730 ILCS 5/5-8-1(d)(4) (West 2018)), the enhanced MSR period of three years to life applied when a

3

defendant, who was convicted of possession of child pornography, was sentenced under section 11-20.1(c-5) of the Criminal Code (720 ILCS 5/11-20.1(c-5) (West 2018)). Thus, the trial court concluded that since the defendant's convictions were subject to sentencing under section 11-20.1(c-5), the sentencing order correctly reflected that the period of MSR was three years to natural life. The defendant appeals.[1]

¶ 9                                    II. ANALYSIS

¶ 10    The defendant's sole contention on appeal is that the trial court erroneously denied his *pro se* motions seeking to correct the mittimus where no statute authorized the enhanced three years to life MSR term for possession of child pornography. He argues that the enhanced MSR term applies to aggravated possession of child pornography, but he was convicted of "simple possession" of child pornography, a Class 2 felony. He contends that under section 5-8-1(d)(2) of the Unified Code (730 ILCS 5/5-8-1(d)(2) (West 2018)), the appropriate MSR term for this Class 2 felony was two years. Thus, he asks this court to reduce the imposed indeterminate MSR period to a term of two years.

¶ 11    The defendant pled guilty to two counts of possession of child pornography, in violation of section 11-20.1(a)(6) of the Criminal Code (720 ILCS 5/11-20.1(a)(6) (West 2018)), where he knew or reasonably should have known that the depicted individuals were under 13 years old. Specifically, at the time of the defendant's plea, section 11-20.1(a)(6) provided as follows:

"A person commits child pornography who:

* * *

---

[1]The defendant has completed his prison sentence and is currently serving the indefinite term of three years to life of MSR. See Illinois Department of Corrections-Inmate Search, Illinois Department of Corrections, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Nov. 10, 2025); see also *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005) ("[W]e may take judicial notice of information that the [Illinois] Department of Corrections has provided on its website.").

4

(6) with knowledge of the nature or content thereof, possesses any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child or person with a severe or profound intellectual disability whom the person knows or reasonably should know to be under the age of 18 or to be a person with a severe or profound intellectual disability, engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection[.]" *Id.*

¶ 12 According to the criminal indictments on the defendant's charges, the defendant was subject to sentencing pursuant to 11-20.1(c-5) of the Criminal Code (*id.* § 11-20.1(c-5)). Subsection (c-5) of the Criminal Code provided for specific penalties when the child depicted was under 13 years old. It stated, in pertinent part, as follows:

"Where the child depicted is under the age of 13, a violation of paragraph (6) of subsection (a) is a Class 2 felony with a mandatory minimum fine of $1,000 and a maximum fine of $100,000. *** Where the child depicted is under the age of 13, a person who commits a violation of paragraph (6) of subsection (a) where the defendant has previously been convicted under the laws of this State or any other state of the offense of child pornography, aggravated child pornography, aggravated criminal sexual abuse, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or any of the offenses formerly known as rape, deviate sexual assault, indecent liberties with a child, or aggravated indecent liberties with a child where the victim was under the age of 18 years or an offense that is substantially equivalent to those offenses, is guilty of a Class 1 felony with a mandatory minimum fine of $1,000 and a maximum fine of $100,000. The issue of whether the child depicted is under the age of 13 is an element of the offense to be resolved by the trier of fact." *Id.*

¶ 13    In addition, section 5-8-1(d)(4) of the Unified Code (730 ILCS 5/5-8-1(d)(4) (West 2018)), which set forth the MSR terms, stated as follows:

> "for defendants who commit the offense of predatory criminal sexual assault of a child, aggravated criminal sexual assault, or criminal sexual assault, on or after the effective date of this amendatory Act of the 94th General Assembly, or *who commit the offense of aggravated child pornography under Section 11-20.1B, 11-20.3, or 11-20.1 with sentencing under subsection (c-5) of Section 11-20.1 of the Criminal Code of 1961 or the Criminal Code of 2012*, manufacture of child pornography, or dissemination of child pornography after January 1, 2009, the term of mandatory supervised release shall range from a minimum of 3 years to a maximum of the natural life of the defendant[.]" (Emphasis added.)

¶ 14    Although section 5-8-1(d)(4) of the Unified Code referenced aggravated child pornography, on January 1, 2013, the aggravated child pornography statute (720 ILCS 5/11-20.1B (West 2012)) was repealed by Public Act 97-995 (eff. Jan. 1, 2013), before the offense date in this case. Moreover, section 11-20.3 of the Criminal Code (720 ILCS 5/11-20.3 (West 2010)), which was also referenced in section 5-8-1(d)(4) and was previously renumbered as section 11-20.1B of the Criminal Code, was thus also effectively repealed by Public Act 97-995. Thus, aggravated child pornography no longer statutorily existed under section 11-20.1B of the Criminal Code when the defendant here was convicted of possession of child pornography under section 11-20.1 and sentenced pursuant to subsection (c-5) of section 11-20.1.

¶ 15    Also, at this time, Public Act 97-995 removed the language from section 11-20.1 of the Criminal Code, the child pornography statute, stating that a defendant must have known or reasonably should have known that the victim was "at least 13 years of age." Therefore, after the

amendment, section 11-20.1 required that for a defendant to be convicted of possession of child pornography, the defendant must have known or reasonably should have known that the victim was under 18 years old, as opposed to the previous version which required the victim be between 13 years old and 18 years old. Before Public Act 97-995, possession of child pornography where the victim depicted was under 13 years old was aggravated child pornography. See 720 ILCS 5/11-20.1B (West 2012). Also, Public Act 97-995 added subsection (c-5) to the child pornography statute. Thus, even though some of the language used to previously define the offense of aggravated child pornography in section 11-20.1B was inserted into the offense of child pornography under section 11-20.1, the offense defined by section 11-20.1 remained child pornography. The offense was not changed to aggravated child pornography.

¶ 16    Further, section 5-8-1(d)(4) of the Unified Code was also amended in January 2013 to specify that the enhanced MSR term would apply to the offense of aggravated child pornography "under Section 11-20.1B, 11-20.3, or 11-20.1 with sentencing under subsection (c-5) of Section 11.20.1 of the Criminal Code of 1961 or the Criminal Code of 2012." 730 ILCS 5/5-8-1(d)(4) (West 2012), as amended by Public Act 97-1150 (eff. Jan. 25, 2013). Thus, prior to this amendment, section 5-8-1(d)(4) of the Unified Code stated that the enhanced MSR term applied to a list of offenses, which included aggravated child pornography, but did not include the specific statutory sections identified above. See 730 ILCS 5/5-8-1(d)(4) (West 2010). Consequently, although section 5-8-1(d)(4) of the Unified Code as amended seemed to proscribe an enhanced MSR term for the offense of aggravated child pornography when a defendant was subject to sentencing under subsection (c-5) of section 11-20.1 of the Criminal Code, the offense of aggravated child pornography did not exist under section 11-20.1 of the Criminal Code.

¶ 17    Consequently, in light of these amendments, the defendant argues that since he was not convicted of aggravated possession of child pornography, he was not subject to the enhanced MSR term under section 5-8-1(d)(4) of the Unified Code. He contends that the plain language of section 5-8-1(d)(4) limits the enhanced MSR term to the offense of "aggravated child pornography," and the legislature's decision to specifically include "aggravated child pornography" in the list of offenses subject to the enhanced MSR term excludes "simple possession of child pornography." He thus contends that he was subject to a two-year MSR period proscribed for a Class 2 felony pursuant to section 5-8-1(d)(2) of the Unified Code (730 ILCS 5/5-8-1(d)(2) (West 2018)).

¶ 18    In response, the State argues that the language of section 5-8-1(d)(4) of the Unified Code instructing that the enhanced MSR term applies to "aggravated child pornography under Section *** 11-20.1 with sentencing under subsection (c-5) of Section 11-20.1 of the Criminal Code" refers to child pornography convictions when the child depicted is under 13 years old. In support, the State notes that subsection (c-5) of section 11-20.1 of the Criminal Code provides for specific penalties for possession of child pornography when the child is under 13 years old. Thus, the State argues that since the defendant pled guilty to two counts of possession of child pornography when the child depicted was under the age of 13, the enhanced MSR term applied. The State contends that to read section 5-8-1(d)(4) differently would lead to an absurd result as the offense of aggravated child pornography no longer statutorily existed, and the inclusion of "aggravated child pornography" would be an ambiguous, undefined term inserted into the statutory language. The State also contends that the purpose of statutory interpretation is to give meaning and effect to the legislature's intent, and here, the intent was to enhance the MSR period for those that commit the crime of possessing child pornography where the minor depicted is under 13 years old.

¶ 19    In construing any statute, the goal of this court is to ascertain and effectuate the intent of the legislature in enacting the provision. *People v. Almond*, 2015 IL 113817, ¶ 34. The statutory language, given its plain and ordinary meaning, is generally the most reliable indicator of that legislative intent. *People v. Brown*, 2013 IL 114196, ¶ 36. However, a literal reading of the statute must fail if it yields absurd, inconvenient, or unjust results. *Bank of New York Mellon v. Laskowski*, 2018 IL 121995, ¶ 12. In determining the plain meaning of the statute, the court must view the statute in its entirety. *People v. Perez*, 2014 IL 115927, ¶ 9. "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Brown*, 2013 IL 114196, ¶ 36.

¶ 20    If the statutory language is clear and unambiguous, we will enforce the applicable statute as written without resorting to extrinsic aids of statutory construction. *Barrall v. Board of Trustees of John A. Logan Community College*, 2019 IL App (5th) 180284, ¶ 10. Thus, we only look beyond the express statutory language and rely on the rules of statutory construction if the statute is ambiguous. *Id.* In construing a statute, the court may consider the reason for the law, the problems sought to be remedied by the law, the purposes to be achieved, and the consequences of construing the statute one way or another. *Perez*, 2014 IL 115927, ¶ 9. The construction of a statute is a question of law that is reviewed *de novo*. *People v. Elliott*, 2014 IL 115308, ¶ 11.

¶ 21    Here, the plain and literal reading of section 5-8-1(d)(4) of the Unified Code (730 ILCS 5/5-8-1(d)(4) (West 2018)) is that an *aggravated child pornography* conviction under section 11-20.1 of the Criminal Code with sentencing under subsection (c-5) (720 ILCS 5/11-20.1(c-5) (West 2018)) would be subject to the enhanced MSR period. However, as noted above, section 11-20.1 of the Criminal Code deals with the offense of child pornography, not aggravated child pornography. Thus, under a strict construction of this statute, the defendant here would not be

subject to the enhanced MSR period because he did not plead guilty to *aggravated* child pornography. Instead, he pled guilty to two counts of child pornography under section 11-20.1(a)(6) of the Criminal Code (*id.* § 11-20.1(a)(6)) and was subject to sentencing under subsection (c-5) of section 11-20.1 of the Criminal Code (*id.* § 11-20.1(c-5)) because the victims were under 13 years old.

¶ 22    However, we note that a strict construction of section 5-8-4(d)(4) of the Unified Code would render meaningless the language added to the enhanced MSR provision referencing section "11-20.1 [of the Criminal Code] with sentencing under subsection (c-5)." Thus, construing the statute in the manner suggested by the defendant would disregard the language that the legislature added to section 5-8-4(d)(4) after the statutory provision providing for the offense of aggravated child pornography was repealed and after some of the language used to define the aggravated child pornography offense was inserted into the child pornography statute. However, by inserting the above language into section 5-8-4(d)(4), the legislature clearly intended for a defendant, who was convicted of possessing child pornography depicting a child under the age of 13 years old and who was thus sentenced under subsection (c-5) of the child pornography statute, to be subject to the proscribed enhanced MSR period. A basic rule of statutory construction is that we must read a statutory provision as a whole and interpret it in a way that does not render any of its terms meaningless or superfluous. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). Therefore, based on our review of the relevant statutory language and the legislative amendments, we find that a strict construction of section 5-8-4(d)(4) would conflict with the legislative intent by rendering the above provision meaningless.

¶ 23    Although the defendant relies on the rule of statutory construction that items omitted from a list are intended by the legislature as exclusions from that list, we note that the rule of *expressio*

*unius est exclusio alterius* is simply an aid of statutory construction, not a rule of law. *People v. Roberts*, 214 Ill. 2d 106, 117 (2005). Thus, it is subordinate to the primary rule that the legislative intent governs the interpretation of the statute. *Id.* Similarly, we also note that the rule of lenity, which requires that a penal statute, where ambiguous, be strictly construed to afford lenity to the accused, has its limits and does not allow a court to construe the penal statute so rigidly to defeat the legislature's intent. *In re Detention of Powell*, 217 Ill. 2d 123, 142 (2005). Thus, we conclude that the trial court did not err in finding that the defendant was subject to the enhanced MSR period when he was convicted of possessing child pornography under section 11-20.1(a)(6) and was subject to sentencing under subsection (c-5) since the victim was under 13 years old. Accordingly, we affirm the trial court's denial of the defendant's *pro se* motions requesting that the mittimus be amended.

¶ 24                                          III. CONCLUSION

¶ 25     For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.


¶ 26     Affirmed.

11